IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:19-CR-009-K |
| JERRY LEE FARISH | |

### UNOPPOSED MOTION FOR RULE 17 SUBPOENA AND EARLY PRODUCTION

Pursuant to Federal Rule of Criminal Procedure 17(c), the government seeks leave to issue the attached subpoenas to Robert Zucker (Exh. A), Robert Zucker Investments (Exh. B), NOJO Properties (Exh. C), Nolita Johnson (Exh. D), and Jennifer Weresynski (Exh. E) with a return date of April 1, 2019, to secure specific, relevant, and admissible documents regarding each individual or entity's recent settlement of civil charges with the defendant and others.  This motion is **unopposed**.

### BACKGROUND

This is an investment fraud case.  The defendant, Jerry Lee Farish, is charged in a one-count indictment with wire fraud, in violation of 18 U.S.C. § 1343.  The indictment sets out generally that between May 2016 and June 2017, Farish raised money from three investors who believed the investment was in the development of a single-family residence located at XXXX Little Bluestem in Westlake, Texas (hereinafter, the "Little Bluestem Property").  As alleged, the defendant promised each investor—including the entities and persons identified in the attached subpoenas—that he or she would have a second lien position to a financial institution and that the investment would be used to

build a house on the Little Bluestem Property, with the investment principal returned along with a sizeable return. However, the indictment alleges, the defendant did not tell subsequent investors about prior investors and ultimately used the money for purposes unrelated to the development of the Little Bluestem Property.

The government has learned that two of the investors in the property have resolved civil matters relating to the investment. The government has requested records from those individuals—who were willing to cooperate with the investigation in the past without legal process—concerning the civil resolutions. Each individual or entity is willing to provide the records, but has indicated a concern that as part of the settlement of any civil dispute, they agreed not to provide records or discuss any matters relating to the substance of the settlement. It is not entirely clear to government counsel at this point what the concern is or what the settlement agreement says. In addition, each individual or entity was represented by counsel in the resolution of the civil matters but neither attorney felt they could adequately explain the substance of the issue to the government without a fear of violating whatever agreement was reached. It appears at least in part that the individuals and entities fear some form of civil liability for breach of a settlement agreement, although that is speculative on the government's part at this time.

## ARGUMENT AND AUTHORITIES

Federal Rule of Criminal Procedure 17(c) permits "'good faith effort[s]'" to "'obtain evidence.'" *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992) (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 219-20 (1951)). To gain access to materials pretrial under Rule 17, the moving party must demonstrate that the subpoenaed

information is "(1) relevant, (2) it is admissible, and (3) it has been requested with adequate specificity." *Id.* (citing *United States v. Nixon*, 418 U.S. 683, 700 (1974)). In addition to these factors, the moving party must show that (1) the documents are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (2) production and inspection in advance of trial is necessary to properly prepare for trial and to prevent delay; and (3) the application is made in good faith and is not intended as a general "fishing expedition." *Nixon*, 418 U.S. at 700.

 Here, each of the *Nixon* factors is met. First, the attached subpoenas request records directly relating to the Little Bluestem Property and the investments discussed in the indictment. The status of the relationship between any of the investors and the defendant or any related party is directly relevant to the charged scheme to defraud. Second, the government believes the records would be admissible concerning these transactions. The government anticipates calling each of the investors at trial who could authenticate and sponsor relevant documents concerning the investment in the Little Bluestem Property. Third, the subpoenas are specific and direct to the Little Bluestem Property transaction.

 Moreover, the government has good cause for seeking early production of the records. This case is presently set for trial in March 2019, although that was the first setting and the defendant has filed an unopposed motion for continuance. (*See* dkt. 19.) It may be that information in the subpoenaed documents assists in resolving the present case without a trial. Moreover, it has been suggested to the government that the defendant had some involvement in payment of funds to resolve the investor disputes. If

**Motion for Rule 17 Subpoena and Early Return Date—Page 3 of 5**

that is the case, the government may have questions concerning the source of the funds, as the defendant indicated he was indigent at his initial appearance and is presently represented by the Federal Public Defender's Office.  Furthermore, the records may be relevant to other issues, such as whether there is some type of provision prohibiting the investors from providing documents to the government.  As noted, that is largely speculative at this point, although it is a concern of the government given the investors' and counsel's reluctance to discuss the content of any settlement agreement.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court enter an order directing the Clerk to issue the attached subpoenas with a return date of April 1, 2019.

Respectfully submitted,

Dated: February 28, 2019

ERIN NEALY COX
UNITED STATES ATTORNEY

*/s/ J. Nicholas Bunch*
J. NICHOLAS BUNCH
Assistant United States Attorney
Texas Bar No. 24050352
1100 Commerce, Suite 300
Dallas, Texas 75242
Telephone: 214.659.8836
Facsimile: 214.767.4104
nick.bunch@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2019, I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the Northern District of Texas using the electronic filing system of the Court.  The electronic case filing system will send a notice of filing to all the attorneys of record who have consented to such service.

/s/ *J. Nicholas Bunch*
J. NICHOLAS BUNCH
Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for Jerry Lee Farish (Douglas Morris) and confirmed that the relief requested herein was unopposed.

/s/ *J. Nicholas Bunch*
J. NICHOLAS BUNCH
Assistant United States Attorney