UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | § § § | |
| v. | § § | 3:19-CR-009-K |
| JERRY LEE FARISH,<br>Defendant. | § § § | E.C.F. |

### ELEMENTS AND PUNISHMENT OF THE OFFENSE
### AND PLEA OF NOLO CONTENDERE[1]

Pursuant to Rule 11(a)(1) and Rule 11(a)(3) of the Federal Rules of Criminal Procedure,[2] in support of the Defendant's plea of *nolo contendere* to the single Count in the One-Count Indictment charging a violation of 18 U.S.C. § 1343, **JERRY LEE FARISH**, and his attorney, Assistant Federal Public Defender Douglas A. Morris, stipulate and agree to the following:

---

[1] It is undersigned counsel's understanding that, prior to filing a Criminal Complaint and when the potential case involved three people (or couples), the government offered Mr. Farish a plea agreement of 24 months of custody pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. At that time, Mr. Farish did not avail himself of that offer and the offer expired–it expired before the appointment of undersigned counsel, (Mr. Farish had retained counsel at that time). Besides pleading guilty to the instant offense, no other offer has been made.

[2] With the District Court's consent, "a defendant may plead . . . . nolo contendere." Fed. R. Crim. P. 11(a)(1). "Before accepting a plea of nolo contendere, the [district] court must consider the parties' views and the public interest in the effective administration of justice." Fed. R. Crim. P. 11(a)(3).
    It is expected that the government is opposed to Mr. Farish entering a plea of *nolo contendere*. In the face of a potential opposition, Mr. Farish contends that this Court's acceptance of a plea of *nolo contendere* is not contrary to "the public interest in the effective administration of justice" and Mr. Farish requests that this Court accept this plea of *nolo contendere*." See id. Accepting this plea will conserve the resources of this Court and the temporal and financial resources of members of the community who would have to appear for jury selection. Moreover, allowing Mr. Farish to enter a plea of *nolo contendere* will help Mr. Farish return to being an international pilot who is able to fly and earn a substantial monthly wage, which can be used to repay those who lost money in the venture on XXXX Little Blue Stem–repaying investor M.H. has always been Mr. Farish's goal, (case or no case).



## ELEMENTS OF THE OFFENSE

In order to convict Mr. Farish of violating 18 U.S.C. § 1343, the government would have to prove at least the following elements beyond a reasonable doubt:[3]

1. Mr. Farish knowingly devised or intended to devise a scheme to defraud; that is, Mr. Farish made promises that were not true to "Investor C" so that "Investor C" would loan money to Mr. Farish's company to build a single-family dwelling located at XXXX Little Blue Stem in Westlake, Texas;

2. The scheme to defraud employed material false promises–Mr. Farish promised "Investor C" that "Investor C" would receive a second lien position on the aforementioned property when in fact at least one other previous Investor had received that same second lien position, and "Investor C" loaned the money to Mr. Farish, in part, based on Mr. Farish's promise of a second lien;

3. In order to execute the aforementioned scheme, Mr. Farish transmitted (or caused to be transmitted) communications, (the aforementioned promise), by way of wire or other forms of transmitting communications (such as e-mail), in interstate commerce; and

4. Mr. Farish acted with the intent to defraud–he did not intend to provide the second lien to "Investor C," as that term is commonly known, as promised.

## PUNISHMENT

**The penalties that result from a conviction for the offense include the following:**

1. a statutory maximum sentence of imprisonment of not more than 20 years;

2. a fine not to exceed two-hundred-fifty-thousand dollars, or twice any pecuniary gain to Mr. Farish or loss to the victim(s);

3. the sentencing court may impose a term of supervised release not to exceed three years; if Mr. Farish violates the conditions of supervised release, he could be imprisoned for up to a total of three years, but for no more than two years at one time;

4. a mandatory special assessment of one-hundred dollars must be imposed;

---

[3]These elements from United States Circuit Court of Appeals, Fifth Circuit, Pattern Jury Instructions, Criminal, 2.57 (2015) have been customized to fit this case.



5. restitution to an identified victim of Mr. Farish's criminal conduct of conviction must be imposed; and

6. costs of incarceration and supervision.

## SENTENCING IN THIS CASE

Mr. Farish has discussed the Federal Sentencing Guidelines with his attorney and understands that the sentence in this case will be imposed by the district court after it has considered the applicable statutes, the Sentencing Guidelines, and the factors included in 18 U.S.C. § 3553(a). However, neither the Guidelines nor § 3553(a) are binding and the district court, in its discretion, may sentence Mr. Farish to the statutory maximum penalties, if that "sentence [is] sufficient, but not greater than necessary, to comply with the purposes set for in . . . [§ 3553(a)](2)[.]" Mr. Farish understands that if the district court imposes a sentence greater than he expects, he will not be able to withdraw his plea of "guilty" based solely upon that higher sentence as long as the sentence is within the statutory maximum punishment. Congress has abolished parole so if the district court sentences Mr. Farish to a term of imprisonment, Mr. Farish understands that he will not be released on parole.

Mr. Farish is a citizen of this country; accordingly, this conviction will not impact his ability to stay in this country or to return to this country. Mr. Farish understands that if he was not a citizen of this country, this conviction could result in both his removal and exclusion from this country.

## CONSTITUTIONAL RIGHTS AND WAIVER OF THOSE RIGHTS

1. Mr. Farish understands that he has the following constitutional rights:

    a. the right to plead not guilty to the charged offense;

    b. the right to have a speedy trial by a jury in this District;

3



      c.      the right to have his guilt proven beyond a reasonable doubt;

      d.      the right to confront and cross-examine witnesses and to call and subpoena witnesses and material in his defense; and

      e.      the right to not be compelled to incriminate himself.

2.    The waiver of these rights.

Mr. Farish waives the aforementioned rights and pleads *nolo contendere* to the offense alleged in the one-count Indictment charging him with violating 18 U.S.C. § 1343. Mr. Farish understands that the federal criminal-justice-system treats a plea of *nolo contendere* as the same as a plea of guilty.[4] Moreover, Mr. Farish understands that, in support of a finding that Mr. Farish is guilty beyond a reasonable doubt of Count One, though it is not required to do so, the government may make an offer of facts to support the Indictment and Mr. Farish's guilt.[5]

**Given this position and desire, and to make it very clear, Mr. Farish understands that he will not be able to later on appeal or argue that he is factually innocent of the charged offense; in fact, Mr. Farish understands that the reviewing court may very well rely on the doctrine of judicial estoppel and/or find that Mr. Farish has affirmatively waived any right or ability to argue, (in this case), on appeal that he is factually innocent.[6]**

---

[4] See United States v. Farrar, 876 F.3d 702, 706-07 (5th Cir. 2017) (quoting and citing Lott v. United State, 367 U.S. 421, 426 (1961); United States v. Prince, 533 F.2d 205, 208 (5th Cir. 1976)).

[5] See id.

[6] Related to the above, Mr. Farish has received a copy of United States v. Farrar, 876 F.3d 702, 705-14 (5th Cir. 2017). Mr. Farish has read Farrar; he has had the opportunity to ask questions of undersigned counsel regarding the facts, law, and holding of Farrar; and Mr. Farish understands that this plea of *nolo contendere* will prevent him from appealing factual innocence on any appeal that he might file in this case. Lastly, for purposes of supporting a knowing and voluntary plea of *nolo contendere,* undersigned counsel has also provided Mr. Farish a copy of an informative law



## VOLUNTARINESS OF THE PLEA OF NOLO CONTENDERE

Mr. Farish has thoroughly reviewed his constitutional rights, the facts of his case, the elements of the offense of conviction, the statutory penalties, and the Sentencing Guidelines[7] and § 3553(a) with his attorney. Mr. Farish has received satisfactory explanations regarding every aspect of this document and the alternatives to signing this document, and Mr. Farish is satisfied with his attorney's representation of him. Mr. Farish hereby pleads *nolo contendere* to the single Count in the one-count Indictment. Mr. Farish concludes that it is in his best interests to enter this plea of *nolo contendere* instead of going forward with a trial.

Mr. Farish understands that he has retained all of his rights to appeal–though he understands that this plea of *nolo contendere* functionally waives any argument that he is factually innocent of the charged offense–and that he has the ability and right to file a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit. Knowing this, Mr. Farish understands that if he wants to appeal either his sentence or his conviction he will have to file a Notice of Appeal within 14 days of the date that the Judgment in his case is filed. **Mr. Farish agrees that within 14 days of the filing of the Judgment he will personally write to the United States Clerk for the Northern District of Texas at the Office of the United States District Clerk, Northern District of Texas,**

---

review entitled, Justice Department's Policy of Opposing Nolo Contendere Pleas: A Justification. See Mark Gurevich, Justice Department's Policy of Opposing Nolo Contendere Pleas: A Justification, 6 Cal. Crim. L. Rev. 2 (Jan. 2004).

[7]Though undersigned counsel and Mr. Farish have discussed how the applicable chapters of the Federal Sentencing Guidelines may apply to Mr. Farish, and undersigned counsel and Mr. Farish have discussed statutory punishment and the potential guideline range of punishment in his case, Mr. Farish understands that the conversations were about potential punishments and not a guarantee of what the punishment will be. Mr. Farish understands that only the District Judge in his case will make that decision and that the decision will only be made at the sentencing hearing after the District Judge has heard all of the evidence and arguments in his case.



**1100 Commerce Street, 14th Floor, Dallas, Texas 75242, and request that the Clerk file a Notice of Appeal.** Mr. Farish further understands and agrees that within 14 days of the date that the Judgment is filed he will contact the Office of the Federal Public Defender, Northern District of Texas, Dallas Division, and request that a Notice of Appeal be filed in his case. Mr. Farish understands that typically the appeal will not cost him any money, unless the district court orders that he pay some amount of money, and that, unless otherwise ordered, the Office of the Federal Public Defender will write and file the appeal on his behalf.

    **AGREE TO AND SIGNED** this 20th day of February 2020.

_____  
**JERRY LEE FARISH**  
Defendant

_____  
**DOUGLAS A. MORRIS**  
Assistant Federal Public Defender  
Attorney for Mr. Jerry Lee Farish